UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

OLUSOLA ONAGORUWA, individually,

    Plaintiff,

v.

MAINSTREET ACQUISITION CORP.,
a foreign corporation,

    Defendant.
_____/

### COMPLAINT FOR DAMAGES UNDER 15 U.S.C. § 1692 *et seq.*
### THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA")
### JURY DEMAND

1.  Plaintiff, OLUSOLA ONAGORUWA, alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). Simply put, Defendant, MAINSTREET ACQUISITION CORP., has filed hundreds, if not thousands, of consumer debt collection lawsuits across the State of Florida without first obtaining a license to collect consumer debts in the State of Florida as mandated by § 559.553 of the FCCPA. In March 2010, the Eleventh Circuit unequivocally pronounced that the failure to register oneself in the State of Florida as a "Consumer Collection Agency" constitutes a valid basis for an alleged violation of the FDCPA. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185 (11th Cir. March 30, 2010) ("We therefore hold that a violation of the FCCPA for failure

to register may, in fact, support a federal cause of action under Section 1692e(5) of the FDCPA for threatening to take an action it could not legally take."). Plaintiff maintains that Defendant's actions are both unconscionable and criminal. *See* Fla. Stat. § 559.785 stating that it is a misdemeanor for "any person not exempt from registering to engage in collecting consumer debts in this state without first registering."

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, and 15 U.S.C. § 1692k. Venue in this District is proper because Plaintiff resides here and Defendant conducts business in this District.

## PARTIES

3. Plaintiff, OLUSOLA ONAGORUWA, is a natural person, and citizen of the State of Florida, residing in Palm Beach County, Florida.

4. Upon information and belief, Defendant, MAINSTREET ACQUISITION CORP. ("Defendant"), is a foreign corporation, with offices located in Texas, Nevada and Georgia, principally operating from offices located at 3715 Davinci Court, Suite 200, Norcross, Georgia 30092.

5. Defendant regularly uses the mail and telephone in a business, the principal purpose of which is the collection of consumer debts.

6. At all times material to the allegations of this complaint, Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

7. With respect to the "Congressional findings and declaration of purpose" portion of the FDCPA, The United States Congress has declared at 15 U.S.C. § 1692:

> *(a) Abusive practices*
>
> There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.
>
> *(b) Inadequacy of laws*
>
> Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

## FACTUAL ALLEGATIONS

8. Defendant sought to collect an alleged debt from Plaintiff arising from Plaintiff's use of a HCBC BANK credit card issues by and used by Plaintiff for personal, family or household purposes, including but not limited to, the purchase of such things as clothes, groceries, personal gifts, and travel-related expenses.

9. That the original credit card issuer, HSBC BANK, has countless offices located across the State of Florida and solicits its credit-related products to consumers throughout the state.

10. On September 30, 2010[1], Defendant filed suit against Plaintiff in Palm Beach County Court; the alleged debt at issue, according to Defendant's lawsuit, was less than $4,000.00 dollars exclusive of interest, costs, and attorney's fees.

11. That prior to the filing of said lawsuit, Defendant attempted to collect the alleged debt by engaging in a campaign of telephone calling and/or writing demand letters.

12. That Florida law specifically and unequivocally states: *[a]fter January 1, 1994, no person shall engage in business in this state as a consumer collection agency or continue to do business in this state as a consumer collection agency without first registering in accordance with this part, and thereafter maintaining a valid registration.* Fla. Stat. § 559.553(1).

13. That based upon an online license search conducted on July 9, 2011 at the website maintained by the Florida Office of Financial Regulation, Defendant is not licensed to collect consumer debts in the State of Florida. *See* Exhibit "A" attached hereto.

---

[1] Notably, the state court lawsuit was filed almost six months after the Eleventh Circuit's decision in *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185 (11th Cir. 2010).

4

14. That Plaintiff maintains that the filing of a lawsuit and Defendant's previous collection activities were unlawful; Plaintiff has filed the instant lawsuit alleging that any and all of Defendant's debt collection activities taken against him over the past year were in direct violation of the FDCPA.

15. Upon information and belief, Plaintiff contends that Defendant has filed hundreds, if not thousands, of similar suit across the State of Florida without first obtaining the aforementioned license.

16. The FDCPA has been construed by Federal Courts as a strict liability statute that is to be construed liberally so as to effectuate its remedial purpose. *Russell v. Equifax A.R.S.,* 74 F.3d 30, 33 (2d Cir. 1996).

17. That Plaintiff has incurred actual damages, including but not limited to the attorney's fees he incurred as the result Defendant having filed the underlying state court action. *Lowe v. Elite Recovery Solutions, L.P.*, 2008 U.S. Dist. LEXIS 8353 (E.D.Cal. 2008) (Holding that fees incurred from underlying state court action were recoverable as "actual damages" under the FDCPA).

18. The state court action filed by Defendant will sought to vacated by Plaintiff as being legally void; Plaintiff maintains that the pending action was void *ab initio* and will eventually be dismissed as the state court will not lend its aid to the enforcement of an action that is in fact barred by a Florida regulatory measure. *See generally*, *Cooper v. Paris*, 413 So.2d 772, 773 (Fla. 1st DCA 1982).

## COUNT I
## FAILURE TO OBTAIN A DEBT COLLECTION LICENSE AS MANDATED BY FLA. STAT. § 559.553 AND IN VIOLATION OF § 1692e OF THE FDCPA

19.     Plaintiff incorporates Paragraphs 1 through 18.

20.     Defendant MAINSTREET ACQUISITION CORP.'s failure to obtain a consumer debt collection license as mandated by Florida Statutes § 559.553, while actively engaging in debt collection in the State of Florida, violated various provisions of the Fair Debt Collection Practices Act, including the following: 15 U.S.C § 1692e, 15 U.S.C. § 1692e(2), 15 U.S.C. § 1692e(5), and 15 U.S.C. § 1692e(10). *See generally*, *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185 (11th Cir. 2010) ("We therefore hold that a violation of the FCCPA for failure to register may, in fact, support a federal cause of action under Section 1692e(5) of the FDCPA for threatening to take an action it could not legally take.").

WHEREFORE, Plaintiff OLUSOLA ONAGORUWA requests that the Court enter judgment in favor of Plaintiff and against Defendant MAINSTREET ACQUISITION CORP. for:

      a.     Damages, both statutory and actual;

      b.     Attorney's fees, litigation expenses and costs of the instant suit; and

  c. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this 9th day of July, 2011.

        SCOTT D. OWENS, ESQ.
        *Attorney for Plaintiff*
        2000 E. Oakland Park Blvd., Suite 106
        Ft. Lauderdale, FL 33306
        Telephone: 954-306-8104
        Facsimile: 954-337-0666
        scott@scottdowens.com

  By: s/ *Scott D. Owens*
    Scott D. Owens, Esq.
    Florida Bar No. 0597651